**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA AZUCENA CRUZ-ATUNEZ and DEVORA JUDITH FUNES-CRUZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71479 <br><br> Agency Nos. A098-349-551 <br> A098-538-388 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Ana Azucena Cruz-Atunez and her daughter Devora Judith Funes-Cruz,

natives and citizens of Honduras, petition pro se for review of the Board of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals' decision dismissing their appeal from the immigration judge's denial of their applications for asylum and withholding of removal.

Petitioners allege they fear persecution from gang members because of their membership in a social group consisting of "people who fear crime." Substantial evidence supports the BIA's finding that petitioners failed to establish that they were targeted, or will be targeted, because of their membership in a social group, and failed to establish a nexus to any other protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Ramos-Lopez v. Holder*, 563 F.3d 855, 861-62 (9th Cir. 2008) (social group must be sufficiently particular, and not too broad and diverse). Because petitioners did not establish a nexus to a protected ground, petitioners' asylum claim fails. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992). Because petitioners did not establish eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Petitioners' claim, that their due process rights were violated by the BIA's failure to fully articulate its reasoning, is belied by the record, which includes the BIA's detailed decision dismissing their appeal from the IJ's decision.

10-71479

We lack jurisdiction to consider petitioners' claims, raised for the first time in their opening brief, that their opposition to gangs constituted political opinion and that petitioners feared domestic violence against women in Honduras, because petitioners failed to administratively exhaust these claims. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.**